Clerk can call the first case. Mr. Giudice, are you ready? May it please the Court. Good morning, Your Honors. Good morning, Counsel. Daniel Giudice on behalf of IPROMO, LLC, the Plaintiff Appellant. Your Honors, the trial court erred in ordering that pursuant to Rule 219e, discovery should be closed upon any refiling of the case. Now, I think Rule 219e speaks for itself as well as the Supreme Court interpretation in Morrison and its progeny. However, I believe there's even something more fundamental than that. I believe that the Court could not, under any scenario, have jurisdiction over a prospective case that has not been filed. I don't think there's any basis in the law for that. And in Illinois, the statutes clearly provide that upon a final order or judgment, parties have 30 days to file any appropriate motions, whether it's for rehearing, new trial, and so forth. And it is well cited that, and well known in Illinois, that parties have 30 days, period, to bring something back before a court in order to either preserve the right to appeal or to get other relief. After that 30 days, the trial court loses its jurisdiction. Now, going back even further, going back over 100 years, the U.S. Supreme Court in Penoyer v. Neff made it very clear that a court cannot have jurisdiction, and personal jurisdiction in particular, over a person unless that person is served with process and has notice of the case. So even there... Is there anything involving that in Marbury v. Madison? Your Honor, I have not, frankly, I have not researched Marbury v. Madison regarding this issue. How about International Shoe? I'm sorry? International Shoe? Again, Your Honor, also, go ahead. So I would flunk my 1L civ pro exam, probably, although I may know that those cases provide, but I don't recall. But the bottom line is well established that there must be process in order to have jurisdiction. And in Illinois, again, jurisdiction ends after 30 days. Now, there are exceptions in divorce cases, of course, and there are exceptions for a court to settlements. But in a case such as this, this was a very simple, straightforward 21009 motion for voluntary dismissal. And I say it's an ordinary run-of-the-mill motion. There was nothing extraordinary here. There were no motions on the part of the defendant or appellee bringing up any discovery issues or anything of the sort. Because there aren't any. There aren't any discovery violations. There aren't any outstanding discovery issues. The case ran its course. I am second counsel. I came into the case later. Plaintiffs do not have to justify why they filed a motion for voluntary dismissal. There's a plethora of possible reasons. But we did, in fact, file it, and it was granted. But the judge, Sue Esponte, went to 219E, and, again, defense didn't bring it up because I know defense knew it didn't apply. He's a very capable attorney. I knew it didn't apply. Why the judge brought it up, again, as I say, is an enigma. There are no discovery violations. There's no issues here. The case was ready to go to trial in 12 days or so. So just under basic jurisdictional issues, the court cannot have jurisdiction over a nonexisting case that is yet to be filed. Not only that, but to enter, even if the court did, and there's no, I don't see any way to get around 250 years of jurisprudence basically saying the court didn't have jurisdiction to do it then. But even if we argued hypothetically that it did have jurisdiction, upon refiling, the plaintiff can add more counts. The plaintiff can even add more defendants, depending on statutes of limitations and other things. It is an entirely new case. It is not an extension of the old case. And that is made clear in LA Supreme Court, the Dubena v. Messerle case, where they said a refiled case is new and separate action, not a reinstatement of the old action. And in the First District, they clarified, in their opinion, that refiling does not constitute continuation of the previous action. Rather, it's an entirely new action. Now, Appley, in their brief, discussed, I believe, the case Your Honor, I'm sorry, I don't have the case in front of me, but they cite a case for the proposition that refiling a refiled case is not an entirely new action. But that is not what the cases say. They say in certain circumstances. And those cases dealt with substitution of judges as of right. And the one case dealt with extensive litigation. The case was three or four years old. There was a motion for voluntary dismissal. And it happened to get assigned to the same judge. And the court basically said, for limited purposes in certain situations, it's obvious that it's a continuation of prior litigation. And the appellant tried to argue that, well, 219E provides the defendant with all the humiliation they need, all the protection they need upon refiling. And again, the court clarified that although 219E certainly deals with a new action, a new filing, it also supports the proposition that obviously in a refiling there can be issues such as the discovery issues, which is what 219 is designed to deal with, that are in fact a continuation. But unlike what the Appley argues, they don't say it's not a continuation. It is in fact a continuation under any circumstance. Appley also argues that the plaintiff does not have a basis to file a motion to reconsider or an appeal when their motion for voluntary dismissal is granted. And they cite a case that states except in the instance where the plaintiff has a basis to appeal it. Not a right, but a basis to appeal it. But the court right there establishes that there is in fact a basis for plaintiffs to appeal orders on dismissals for voluntary prosecution. But I would submit that court in dict... I can't even say this. This is a warning you're under some dry dictum. We know what you meant. They clearly implied that there could be other basis, but I don't think that court could ever imagine that a judge like our trial judge would enter that type of order in a case that isn't filed. I don't think it was even within their thought process. And in a case like this where that was done, where something that outrageous and without basis was done, then that is why the plaintiff certainly has a right to appeal really a draconian order. And I actually advised my client we probably... we might not need to appeal this. We can wait upon the refiling and see what happens. But I felt so strongly, especially with the judge's demeanor, in which I referenced, that she was almost gleeful. And I don't know this judge. I was never in front of this judge before. She doesn't know me. I don't think Mr. Goldstein was ever in front of her before. I don't think she knows either one of us. But she was almost gleeful in saying, well, the case is probably going to get reassigned to me and the discovery is going to remain closed. And that rhetoric disturbed me greatly because to me it indicates, and that's not before your court unless the court decides to address it in some way, but it indicates a very high likelihood of some sort of prejudice upon refiling. Do you have a substitution left? Well, Your Honor, that's another interesting thing. Well, I do. But there is case law that says upon a voluntary dismissal, it's not necessarily automatic that you can substitute as a right. They want to discourage judge shopping. Right. But in this particular case, we only had two appearances before this judge. The judge was just reassigned. So the judge made no substantive rulings on this case. I don't even know that the judge knew whether this was a contract or a court case. She was that new. And again, the first thing before her was my motion for voluntary dismissal. So certainly there's a possibility. I mean, I can file a motion for substitution. I'm just asking you if you have used your substitution. Oh, no, Your Honor. But again, that's another quagmire potentially, depending on how, if we were reassigned to her, how she rolls. So the main point here is that 219E, I don't believe could be any more clear. The courts against Supreme Court in Morrison and the statute itself talks about prior litigation. It talks about the trial court, meaning the new trial court can look at discovery and see if there are abuses and violations and so forth in the prior litigation and then make any rules or enforce any bars to witnesses, do anything that it feels is appropriate. But the very nature of the statute is that it deals with discovery abuses. Right in its title, it's about discovery abuses. It's not just the statute sitting out there to be applied willy-nilly any time a judge feels like it. There has to be an issue regarding discovery abuses, and there are none in this case. There were no failures to comply with discovery. There's just nothing out there. So even upon refiling, I don't think a new judge or the same judge can get to 219E. But even if they do, the only possibility, and I haven't seen any case law on this, is perhaps in the interest of judicial economy to state that, well, I'm not going to allow another deposition of this defendant or something of that nature. Although, again, I haven't even seen a case law. Aren't we getting ahead of ourselves a little bit, counsel? I'm sorry? Aren't we getting ahead of ourselves a little bit? You're just asking us to take out the provision of the order that says discovery. Yes, Your Honor. And basically, then, that's what I'm asking this court to do based upon the plain wording of 219E, based upon, again, the Supreme Court case of Morrison and its progeny, some of which are cited here by both parties, Pace, for instance, they're all very clear that 219E is to be applied to prior litigation upon refiling. And I think that's really the crux of this. And I did make the jurisdictional argument and some other comments, but I think the crux of it is 219E, it couldn't be more clear, and I think the court erred in entering that order based upon that. Questions? Thank you, Your Honor. Thank you, Your Honor. Mr. Goldstein? Good morning. Good morning. Robert Goldstein here on behalf of the defendants, John Molek, UHS, and William Baker. May it please the court. On behalf of the defendants, I'd like to briefly address some of the issues for your consideration. First, the defendant asserts there is no jurisdiction under Illinois Code of Civil Procedure 735-513-217. As there can be no appeal from a case that was voluntarily dismissed by the plaintiff under 2109 without reaching a final judgment on the merits of the case. This is a motion to dismiss. There was no final decision or order entered as to the final merits. Simply put, the Illinois Civil Code of Procedure 5-13-217 that provides granting a voluntary dismissal without prejudice is not considered a final order as plaintiff is allowed to refile within one year. Even if there was jurisdiction, let's look at the standard overview. Plaintiff's counsel states in his appellate brief, the standard overview is de novo. De novo, because the question involves application of Illinois law to undisputed facts. The problem is, with this argument and this alleged standard overview of de novo, is that the counsel labels the standard overview as de novo, but argues in his own brief, and just a few minutes ago on page 10 in his brief, many concerns for the plaintiff as to overt bias, prejudice, and further states that Judge Warden, as you just heard, seemingly with glee, will discovery would remain closed in any refiling. It's not de novo standard here for review. He's asking for more than that. Even if he claimed the standard review was de novo, it's intellectually inconsistent with the comments you just heard. Third, the filing of an appeal is not well-grounded, in fact, and not warranted by existing law. Well, certainly you can ask counsel, but under Supreme Court Rule 375, an objective standard of conduct is if a reasonable, prudent attorney would have not engaged in the conduct of filing such a frivolous appeal, where there was never a final order on the merits of this case. There simply was not. Fourth, let me address 219, opposing counsel quoted that. Judge Reardon in the trial court could not have been more correct in her ruling, granting the plaintiff's motion for withdrawal when she said, on the record, 46, quote, I can't get around Illinois Supreme Court Rule 219E. I am looking at it right now, which is the party shall not be permitted to avoid compliance with orders by voluntarily dismissing a lawsuit. Opposing counsel brings up a lot about abuses of 219. This isn't anything about abuses. There were 22 months of discovery. This case is over three years old. Counsel, was there ever a finding by the trial judge that somebody was in the discovery process? No, there was not. There was not. It was a final order, and it was stopped. That was it. There are a lot of cases out there that talk about the authority of a successor judge. So let's assume a case doesn't go up on appeal. We're not talking about rule of the case or law of the case. Somebody retires, somebody dies, somebody's reassigned, and a new judge comes in and starts hearing that case. There are a lot of cases that say that that new judge is not bound by the orders of his or her predecessor. So would a new judge hearing a case between these parties be bound by this discovery closure order anyway? A new judge, I believe, would be bound by the prior discovery order because discovery was after 22 months in a three-year-old case. What is 22 months and three years old? Because it was going on for long term, and there was never any disagreement as to discovery. He may not like the prior, what the prior counsel did in terms of how he approached discovery, but there were never any objections, and he certainly could have raised an objection. There were three pretrial orders. I don't know if you understood my question. Let me ask you my question again. Excuse me. No, I'm not going to let you talk. Okay. You're going to let me talk. Thank you. Certainly, the successor judge would look at this and say, gosh, my colleague felt that this case went on too long, discovery went on too long, and that successor judge is going to give a lot of deference to what their predecessor said or thought or ruled. But they're not bound by it, are they? I believe they may be bound under it because On what basis? A continuation of a case. There was never a final ruling on the case on the merits. There was only a ruling setting the case for trial, and discovery was closed. An objection could have been made at any time before, as soon as Mr. Judas entered the case and was admitted, he could have before being admitted to the case, excuse me, shortly after being admitted to the case, he could have at any time filed an objection, and he did not. So I therefore believe the successor judge would take that into consideration because he never filed any objection to it at any time. Taking into consideration, yes, but bound. I don't think so. Okay. I understand what you're saying. I respectfully disagree. I think that there's a lot of, there was nothing ever done to proactively object to discovery. In fact, in the last pretrial order that was drafted by Mr. Judas, in his own handwriting, he acknowledged that discovery was closed. So he didn't even object in the last pretrial order setting the case for final trial after two other trials were set. This was the third time where they didn't show up for trial. All right. So by his own admission, I would believe that would act as a waiver. I was quoting Judge Reardon.  My fourth point. I can't get around Illinois Supreme Court Rule 219. I'm looking at right now, which is the parties shall not be permitted to avoid compliance with orders by voluntary dismissing a lawsuit. The opposing counsel brought up that I never raised objection to 219 because I didn't need to. Judge Reardon brought it up. I didn't need to address it. Why? Because it's the law. Let's look at the legal principles behind 219. They're numerous. Number one, it prevents gamesmanship by wasting judicial resources, time, and money, like giving the plaintiff a mulligan, a do-over, another bite at the apple. It avoids abuse by avoiding an adverse discovery ruling. There was nothing adverse discovery ruling here. It was just closed. Three, the committee comments in 219 add light as well. Discovery deadlines or orders cannot be eliminated by taking a voluntary dismissal. Four, it promotes consistency. Judge Reardon filed the discovery closure in the third pretrial order signed by Judge McJoint. Plaintiff misleads the court by stating that in their brief, Judge Reardon unilaterally closed discovery. She did not. She said it's closed if the plaintiff refiles the case. She stated in the record, 13-14, I've got an order closing discovery in this litigation. While you are entitled to your non-suit, you're not entitled to a non-suit in order to avoid discovery closure and reopen everything. That is why it indicated 219 applies. It was not until February 20th, the day before the requirements for the third pretrial order were set, where opposing counsel filed his motion to withdraw under 2109 before Judge Reardon. The order was granted without prejudice to refile and confirm 219 discovery was closed. This is the third time the defendants were granted for trial. At no point since being admitted into the case from October 14th, October 16th, excuse me, 2024, through March 28th, 2025, for five months, plaintiff does not file any motion in case objecting to discovery being closed. Raises it for the first time ever when he files his motion for reconsideration, respectfully submit that that lapse of time acts as a waiver. Yet although counsel argued at the hearing for motion reconsideration, Judge Reardon erred in applying 219. Counsel said on the record in R16, and just to be clear, Your Honor, so Your Honor ruling today is ruling today that your discovery closure applies in terms of the opinion for any new filing. Judge Reardon responded, correct. And if you want to bring a motion to reopen it in the new case, you certainly can try. Respectfully, defendants assert there is no jurisdiction for this appeal. When opposing counsel was admitted to the case with his own handwriting, he acknowledged that discovery was closed. But as a last ditch effort, attempted to do an end around the trial order closing discovery date by filing a voluntary motion to withdraw directly against the guiding principles of the Supreme Court 219 as ordered by Judge Reardon. Counsel, what evidence do you have that the voluntary dismissal was to avoid discovery? Because that's the evidence. This is a motion for reconsideration. It wasn't to avoid discovery. It was to do an end around because discovery was closed. End around to what end? To reopen the entire case after three years of litigation and after 22 months of discovery. When was that ever asked for? He filed for a voluntary dismissal. He's here appealing the fact that Judge Reardon added to that voluntary dismissal that discovery was closed. She was filing a prior order. What evidence on the record is that there's a motive? I mean, I'm sure you know what's been disclosed in the case. In the record, he argues that the prior counsel did a bad job, an insufficient job, and he said in the record that if it was him, he probably would have been fired. That's the evidence, his own testimony. All right. I don't believe that's been raised enough. No, it's not. You're asking the question. I'm giving you the answer, and I can certainly show you the evidence. The evidence is in the record. It's in the record. This is his own statement. It's admission that he went on and on that it was done poorly, not certainly he would have done, and I can submit that. So witnesses have been disclosed? Sorry? He's 13. Witnesses have been disclosed by a plaintiff or his previous predecessor in this case? Yes. Yeah. It's not a case where there hasn't been any witnesses? No. They had 22 months by reference. They had full discovery. There were never any abuses, no poor or errors by judgment, joint, that anything was out of place. It just got delayed, delayed, delayed. We fully complied. They fully complied. It was done. He just didn't like the outcome of it. He thought it should have been done differently, in his opinion. And that's his reason for wanting to reopen it and try it again. Thank you. So therefore, for these reasons, defendants hereby request that this court affirm the trial court's order. Thank you. Any questions? No. Thank you, counsel. Mr. Giudice, do you have any rebuttal? Very briefly. Well, you've got five minutes, but you're not required to use it all. First, again, I'll say it's bewildering to me. This case is not about past discovery. This is a litigation case. It's two years old. That's not unusual. That's not even a particularly old case by many standards. There's no quibble about what went on in the past in this case. This is simply a motion for voluntary dismissal. And there is nothing of record of plaintiff complaining about discovery orders, objecting to discovery orders, asking to review discovery orders. There's nothing of the sort. This is simply a case where the plaintiff and counsel decided to voluntarily dismiss for a number of reasons and may or may not refile. That's all it is. So all of this talk about prior discovery orders and the police, it's just all irrelevant. Of course there were prior discovery orders. Of course there were closures. The record is what the record is. No one's objecting to that. It's a voluntary dismissal. And 219E, when it comes to discovery, sanctions or closures is for the later court to decide. It's very clear in the case law and the language of the statute itself. And in the title of statute, again, there's no basis for this judge to have even gone there under any circumstances. That said, also, I just want to note that, again, two cases that counsel cites, Smith v. Pace, that case was a case where there was extensive discovery over three or four years and the violations were just, I used to do big law many years ago and I would have been fired so fast. The violations were so extensive.  Is there such thing as small law? Well, no, but I mean, I guess I'll say seven figure. I'm just curious. It's an ego term, not a descriptive term. Well, if I was egotistic, I'd still be involved in it. Unfortunately. Yeah, well, it's not a proper term. I'm sorry, Your Honor. I appreciate that. So what I mean is I was involved in law that involved years of litigation sometimes, extensive litigation, far more extensive than this contract case that we have before the court. And so Smith v. Pace was dealing with an entirely different situation and a situation that 219E was specifically designed for, was to deal with such horrible discovery abuses. And then Baumann v. Otney was the SOJ case. And again, there was some extensive litigation and it got assigned to the same judge. And in that case, it was found that, yes, the SOJ as a right is not okay because it is an extension of the same case and there were substantive rulings made. And because those substantive rulings were made by that judge, you no longer have the SOJ as a right, even upon refiling. So they're entirely different matters. This is, again, a straightforward voluntary dismissal without any record of discovery violations. The record of the case prior to the filing of the motion for voluntary dismissal, frankly, I believe is completely irrelevant. Voluntary dismissal was granted and it's simply about the judge's application of 219E. Well, I have a question. This is not a very complex case from my position. You got your voluntary dismissal and you have a judge saying, oh, by the way, I'm probably going to get this case in the future and I'm not going to permit any further discovery if it's refiled. Is that the essence of it? Well, yes, it's certainly important. Yes. It's the essence of it, isn't it? Yes, Your Honor. Okay. So we're here now and I think Justice Anderson asked the question, to what degree is the successor judge, even if it's the same judge, successor judge because it's new filing, is bound by that prior colloquy at the end of your grant, getting a grant of involuntary dismissal? I don't believe the successor judge is bound at all, not in any way by that prior ruling. Again, it is certainly something that, according to 219E, should be taken into consideration. And it's up to that judge then to look at what was filed, first of all, the nature of the complaint. Is your case bound by that ruling when you refile? I don't believe it is, Your Honor. And that's why I said I don't believe this appeal was perhaps necessary, but because of the rhetoric of the judge and my concerns, I felt it was essential that perhaps this court give clarification and I hope make it clear that the order that was entered is just not supported by 219E or jurisdictional. Counselor, you're not asking us to include some language that says that in any way affects discovery, are you? Well, only to the extent that I'm asking the court to exclude that language or strike her language and leave it as a voluntary dismissal. And that's all you're asking. You're not asking us to in any way speak on the issue of future rulings on discovery? No, Your Honor. Or whether this judge should have the case? No, Your Honor. I wish I could ask that, but I don't think there's a basis for me to ask that. Thank you. I don't have any other questions. I have one more. It appears to me that you filed your notice of appeal under Rule 303. And if I understood Mr. Goldenstein correctly, maybe I didn't, it seems to me that he's arguing that this is not a proper appeal because it's an appeal from a non-suit. I don't know that that was really flushed out in the briefs that well. Can you respond to that portion of his argument for me? Yes, Your Honor. So in two ways. First of all, in the transcript of the second proceeding, both the judge and Mr. Goldstein, in the first few pages, object to my motion to reconsider because they say it's over 30 days old. So right there they were implying, oh, that's a fine order. You can't file a motion to reconsider now. It's untimely. Of course, they didn't realize there was only 28 days of February. So once they figured that out, that argument by a little wayside. But they both made a very big issue out of they thought it was untimely because it was beyond the 30 days. So that there goes contrary, I believe, to what he's arguing. But additionally, if I, you know, sometimes I would say our legislature might do a little better job for all of us. But I don't think there can be any question that it's a final and appealable order. It's certainly final and appealable for the defense. And it's final and appealable for the plaintiff under certain circumstances. And I believe that makes it a final order. Also, by virtue of our Illinois statutes and case law, I don't see any way around it being anything other than a final order. So your big law intuition tells you it's a Rule 303 appeal. My big law intuition, Your Honor, is 30 years old. So most of that's gone, unfortunately, with my AFib and diabetes and everything else. So I wish I could address Your Honor more intelligently and thoroughly. I really do. But that's where I'm at with this right now. Thank you, Counselor. Thank you. Gentlemen, thank you. Please travel safely on this windy and stormy day. We will take this matter under advisement and issue a decision in due course.